UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYU SONG LEE,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br> PRISTEC AMERICA et al.,<br><br>                              Defendants. | 25 Civ. 2277 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

**A.      Motion to Withdraw as Counsel and Motion to Seal**

On November 1, 2025, T. Edward Williams, counsel for Plaintiff Kyu Song Lee, moved

to withdraw as counsel.  ECF No. 24.  Counsel filed an *ex parte* declaration setting forth in detail

the bases for his motion.  *See* ECF No. 25; *Weinberger v. Provident Life Cas. Ins. Co.*, No. 97

Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a

Court considering a counsel's motion to withdraw to consider in camera submissions to prevent a

party from being prejudiced by the application of counsel to withdraw.").  Counsel also filed a

letter motion to seal his *ex parte* declaration.  *See* ECF No. 26.

On November 20, 2025, the Court directed Mr. Williams to "fil[e] an affidavit of service

[of his motion] on the docket on or before November 24, 2025."  ECF No. 27.  On November 24,

2025, Mr. Williams emailed the Court a certificate of service of his motion to withdraw but did

not file it on the docket.  On December 29, 2025, Mr. Lee emailed to the Court, *ex parte*, a letter

addressing his counsel's withdrawal motion.  On January 5, 2026, the Court issued a Notice to

Counsel forwarding that communication to Mr. Williams and providing him the opportunity to

respond before the Court took any further steps.  *See* ECF No. 28.

That same day, Mr. Lee posted his December 29, 2025 letter to the docket.  *See* ECF No.

29.  The letter asserted that, *inter alia*, Mr. Williams "filed a motion to withdraw [because Mr.

Lee] had informed [Mr. Williams] that [he] wish[ed] to proceed *pro se*." *See id.* On January 9, 2026, Mr. Williams emailed to the Court, *ex parte*, a response to Mr. Lee's letter. On January 12, 2026, Mr. Williams filed on the docket the certificate of service of his motion to withdraw. *See* ECF No. 30. On February 5, 2026, Mr. Lee emailed to the Court, *ex parte*, a second letter discussing his counsel's motion to withdraw. On February 18, 2026, Mr. Lee posted this letter to the docket. It states, *inter alia*, that "[Mr. Lee] will not be filing an opposition" to the motion to withdraw. *See* ECF No. 31.

Having reviewed counsel's submissions and Mr. Lee's letters, the Court finds "satisfactory reasons for withdrawal." Local Civ. R. 1.4; *see TufAmerica, Inc. v. Codigo Music LLC*, No. 11 Civ. 1434 (ER), 2017 WL 3475499, at *5 (S.D.N.Y. Aug. 11, 2017) (observing that "a court has considerable discretion in deciding a motion for withdrawal of counsel" (citation omitted)).

Accordingly, counsel's motion to withdraw as counsel is GRANTED. Counsel's motion to seal his *ex parte* declaration is also GRANTED. *See Luxwear Ltd. v. Adaptive Rsch. & Dev. Grp.*, 2023 WL 3010397, at *1 (S.D.N.Y. Mar. 28, 2023) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel."). To effectuate his withdrawal, Mr. Williams shall serve a copy of this Order on Mr. Lee and file proof of such service on the docket by **March 16, 2026**.

Plaintiff Kyu Song Lee is now deemed to be proceeding *pro se*. Mr. Lee is reminded that he may secure counsel at any point, should he choose to do so. Pursuant to the instructions in Appendix C of the Court's ECF Rules & Instructions, available at: https://www.nysd.uscourts.gov/electronic-case-filing, Mr. Lee is encouraged to submit all filings as an attachment in PDF format to ProSe@nysd.uscourts.gov. Parties proceeding *pro se* who are

unable to use email may submit documents by regular mail to the Daniel Patrick Moynihan Courthouse, Pro Se Intake Unit, 500 Pearl St., Room 205, New York, NY 10007, or in person at the drop box located at the U.S. Courthouse at 500 Pearl Street.  In either case, there may be delays before such filings are received and/or docketed.

Mr. Lee is directed to provide the Court with his address of record by **March 20, 2026**. He is also encouraged to consent to receive electronic service through the ECF System.  To do so, he should review the instructions available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf, and then submit a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf).

**B.    Service Deadline**

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  More than 90 days have passed since Mr. Lee filed his complaint, *see* ECF No. 1, and no proof of service or waiver of service has been filed on the docket, nor has any Defendant appeared in this action.  By **April 15, 2026**, Mr. Lee shall cause a copy of the summons and complaint to be served on each Defendant and file proof of such service with the Court pursuant to Federal Rule of Civil Procedure 4.  If Mr. Lee is unable to timely serve Defendants and file proof of such service with the Court, he shall, by the same date, file a letter explaining why there is "good cause for the failure" or otherwise state his

intentions with respect to prosecuting this matter.  *Id.*  Mr. Lee's motion to extend his deadline to serve the Defendants, ECF No. 16, is hereby DENIED as moot.

The Clerk of Court is directed to terminate T. Edward Williams from the list of active counsel in this case.  The Clerk of Court is further directed to terminate ECF Nos. 16, 24, and 26.

SO ORDERED.

Dated: March 10, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

4